United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41675
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED NIMOY CEASAR,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-45-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ceasar appeals from his sentence following his guilty-plea, arguing, *inter alia*, that the district court erred under *Booker*.[1] The Government, while acknowledging error, argues that Ceasar waived it, precluding review, or forfeited it, subjecting it to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. 220 (2005).

plain error review,[2] which he has failed to show. And it argues that even if he preserved the error, it was harmless.[3]

"Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences; in other words, such a waiver must constitute an intentional relinquishment or abandonment of a known right or privilege."[4] Ceasar did not waive the error. His first counsel raised a *Blakely* objection to the PSR and then withdrew. Although his second counsel did not mention *Blakely* in his objections to the amended response, neither Ceasar nor his second counsel withdrew the initial objection. That Ceasar did not "renew" his challenge at sentencing is irrelevant, for he had an outstanding objection. Given the change of counsel in the middle of the case and that the district court never told Ceasar he was waiving his objection, we cannot say Ceasar knowingly waived his *Blakely/Booker*[5] challenge.

Moreover, we cannot say that Ceasar forfeited the challenge. A forfeited error is one the defendant fails to make. Once

---

[2] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (holding that unpreserved errors are subject to plain error review).

[3] *United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005) (holding that preserved errors are subject to harmless error review).

[4] *United States v. Newell*, 315 F.3d 510, 519 (5th Cir. 2002); *see United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir. 1995) (finding waiver where counsel told the court, "we will withdraw the challenge").

[5] *Pineiro*, 410 F.3d at 285-86 (holding that a *Blakely* objection preserves a *Booker* claim).

Ceasar objected under *Blakely*, the issue was on the table and could only be preserved for appeal or waived.

Consequently, we review for harmless error, reversing unless the Government can prove beyond a reasonable doubt that the district court would have imposed the same sentence under an advisory Guidelines regime.[6] The Government points only to the fact that the district court sentenced Ceasar in the middle of the Guidelines range. In a recent unpublished opinion, we held that insufficient to show harmlessness.[7] As a result, we VACATE Ceasar's sentence and REMAND for resentencing.

Because we vacate Ceasar's sentence and remand for resentencing, we do not address Ceasar's other claims that the district court misapplied the Guidelines.[8]

---

[6] *Id.*

[7] *See United States v. Aguirre*, 155 F. App'x 145 (5 Cir. 2005).

[8] See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).